■ MILDRED WEINER, Respondent, v. MAX WEINER, Appellant.— Order, entered on August 31, 1964, granting temporary alimony modified, on the law, on the facts and in the exercise of discretion and alimony reduced from $75 a week to $35 a week, and otherwise affirmed, without costs and without disbursements. The defendant husband's earnings as a lithographer do not warrant the alimony ordered. Nor was there any proof that such a sum would be required to maintain the wife at the standard that prevailed during the comparatively short period of their married life. Concur — Botein, P. J., Breitel, Stevens and Steuer, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to affirm. Defendant admittedly abandoned the plaintiff under circumstances allegedly justifying his action. Considering the respective financial status of the parties, the temporary alimony award was within proper bounds.

■ ARTHUR WEISS, Appellant, v. THOMAS ROSETTI, as Property Clerk of the Police Department of the City of New York, Respondent.— Determination of the Appellate Term affirming a judgment of the Civil Court in favor of defendant reversed on the law and the facts and in the interest of justice and a new trial ordered, with $50 costs to appellant to abide the event. Plaintiff brought an action pursuant to subdivision f of section 435–4.0 of the Administrative Code to recover some $1,042 in cash taken from his person by a police officer after making an arrest. The trial court found that plaintiff failed to establish, as required by the statute (1) a lawful title or property right in the money, and (2) that he had lawfully obtained possession thereof. Plaintiff's testimony was that he obtained a large portion of this money by a loan from a named lender. It was defendant's contention that the sum on plaintiff's person was money that was given him as wagers by several persons in the two days preceding his arrest. The evidence was not sufficient to convict plaintiff of the gambling charges (Penal Law, §§ 986, 986-b) for which he was arrested. While acquittal is not conclusive (cf. *Sochemaro* v. *Rossetti*, 6 Misc 2d 23), it does relieve the claimant of the conclusion that his contrary explanation has been discredited. We believe that certain avenues of inquiry were not adequately explored and that a new trial should produce more satisfactory evidence. In the interest of justice there should be a new trial. Concur — Botein, P. J., Breitel, Eager and Steuer, JJ.; Stevens, J., dissents in the following memorandum: I dissent only insofar as, upon reversal, I would grant judgment to the plaintiff. That the evidence of the guardian of the peace was not irrefutable is obvious from the dismissal of the criminal charges against the plaintiff. Also equally obvious is the fact that plaintiff has given an uncontradicted explanation of the source of the funds in his possession. To now place the additional burden of further testimony upon the dramatis personae of this episode of human conduct is to invite from each ingenious explanations at the least, and at most outright perjury.